IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| PAMELA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-05030-DGK-SSA |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This action seeks judicial review of the Acting Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Pamela William's applications for disability insurance benefits and disabled widow's benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434, and Supplemental Security Income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of depression, bipolar disorder, anxiety, and posttraumatic stress disorder, but she retained the residual functional capacity ("RFC") to perform past relevant work as a bindery room hand collator.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed her applications on April 14, 2014, alleging a disability onset date of June 1, 2011. The Commissioner denied the applications at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing, and on February 12, 2016, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on March 6, 2017, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016). Substantial evidence is less than a preponderance, but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or

medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). Plaintiff argues the ALJ erred at Step Four by: (1) making an RFC determination that is not supported by substantial evidence and (2) improperly discounting her credibility. Both arguments are without merit.

**I.      Substantial evidence supports the RFC determination.**

Plaintiff contends the ALJ's RFC determination is improper because it failed to account for her alleged need to take frequent bathroom breaks or be stationed near a bathroom. Plaintiff contends that the ALJ should have incorporated a limitation on her RFC stemming from a consulting physician's report that "[s]he would likely need employment where she would be able to use bathroom more frequently or be near a bathroom," R. at 534, particularly since the ALJ gave the doctor's opinions "substantial weight." R. at 27. Plaintiff also argues such restriction is consistent with her hearing testimony that she needed to go to the bathroom five to ten times per day for ten to fifteen minutes at a time. R. at 58-49.

It is the claimant's burden to prove his RFC, not the Commissioner's. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). In making this determination, the ALJ considers a host of factors, including the claimant's medical history, medical signs and laboratory findings, effects of treatment, reports of daily activities, lay evidence, recorded observations, medical source statements, effects of symptoms, and attempts to work. SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996). "A claimant's RFC represents the most he can do despite the combined effects of all of

---

medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

3

his *credible* limitations and must be based on all *credible* evidence." *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011) (emphasis added).

Read in context of the doctor's entire report, Plaintiff's argument that the ALJ should have incorporated a limitation relating to her bathroom use is not persuasive. The examining physician, Dr. Zachary Dalton, D.O., ("Dr. Dalton") wrote:

> 8. Incontinence, bowel and bladder. The patient seems to have symptoms of urgency. *I did not find any significant restriction regarding the patient's history of incontinence*. She can treat this with protective undergarments. She would likely need employment where she would be able to use bathroom more frequently or be near a bathroom.

R. at 534 (emphasis added). He also noted Plaintiff reported two to three stools daily for the past year and that she had never required hospitalization for loose stools or had an associated fever. R. at 534. He concluded there should be no restrictions relating to loose stools or diarrhea. R. at 534. He also opined that she had no restrictions for sitting, standing, walking, lifting, carrying, handling, hearing speaking, traveling in or operating motor vehicles, securing transportation from others, or using public transportation—a recommendation he certainly would not have made had he believed she needed to be close to a bathroom at all times. Hence, the RFC determination is consistent with Dr. Dalton's report.

As for Plaintiff's own testimony concerning how much time she spent in the bathroom, the Court notes the ALJ specifically found Plaintiff's description of the severity of her symptoms and the attendant limitations were not credible. R. at 24-25. As discussed below, this credibility determination is supported by substantial evidence, so the Court cannot say the ALJ erred by discounting her testimony on this point.

In conclusion, substantial evidence supports the ALJ's determination that Plaintiff's incontinence required no additional limitations in the RFC. *See* 20 C.F.R. §§ 404.1521(a) and

4

416.921(a) (now contained at 20 C.F.R. §§ 404.1522(a) and 416.922(a)); SSR 85-28, 1985 WL 56856, at *3 (Jan. 1, 1985) (stating that a nonsevere impairment results only in a "slight abnormality" that would have "no more than a minimal effect" on an individual's ability to work and does not significantly limit the individual's ability to perform basic work activities).

**II.     The ALJ's credibility determination is supported by substantial evidence.**

Plaintiff also contends the ALJ's credibility determination is not supported by substantial evidence. Plaintiff argues the ALJ failed to take into consideration, or even discuss, her work history, which is quite good and consistent with someone who would work if she could.

Credibility questions are "primarily for the ALJ to decide, not the courts." *Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003). "If an ALJ explicitly discredits the claimant's testimony and gives good reasons for doing so, the Court should defer to the ALJ's credibility determination." *Gregg v. Barnhart*, 354 F.3d 710, 713 (8th Cir. 2003).

The ALJ based his credibility determination on a wide variety of factors, including: the lack of objective evidence corroborating conditions which correlate with Plaintiff's claimed level of disability, her activities of daily living, her delay in seeking treatment, her apparent improvement once she initiated treatment, and her failure to return and receive treatment consistently. R. at 25. The record supports these findings. For example, as the ALJ noted, Plaintiff failed to receive mental health treatment for significant periods of time during which she claims she was disabled. During the ten-month period from November 2012 to September 2013, Plaintiff did not receive treatment until she saw June Gary, a therapist at Clark Community Mental Health. R. at 24, 349. At that time she reported occasional nightmares, flashbacks, and suicidal thoughts, but she denied current suicidal thoughts, said she could not think of anything to talk about, and denied feeling depressed. R. at 349. A week later, she was in good spirits and reported managing okay. R. at 350. She declined counseling and said she would seek counseling if she felt

5

it was necessary.  R. at 350.  Plaintiff received no further specific mental health treatment until six months later in March 2014.  R. at 355.  But at her March 28, 2014, appointment, Plaintiff said therapy would be a waste of time and she would not reschedule.  R. at 24, 355. After that, Plaintiff had another six-month gap in treatment.  These gaps throughout the relevant time period undermine her allegations of disabling mental symptoms.  *See Turpin v. Colvin*, 750 F.3d 989, 993 (8th Cir. 2014) (affirming an ALJ may discredit subjective complaints if they are inconsistent with the claimant's daily activities, the evidence as a whole, or if the claimant does not seek regular medical treatment).

Since the ALJ gave good reasons for discrediting Plaintiff's testimony, the Court will not disturb his credibility finding.  *See Gregg*, 354 F.3d at 713.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   May 23, 2018             /s/ Greg Kays
                                 GREG KAYS, CHIEF JUDGE
                                 UNITED STATES DISTRICT COURT